# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50826
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOBBY JOE MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1282-1

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bobby Joe Martinez pleaded guilty to an indictment charging him with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana and possession with intent to distribute more than 100 kilograms of marijuana. The district court sentenced Martinez to a within-guidelines sentence of 87 months of imprisonment and five years of supervised release. Martinez argues that the sentence is greater than necessary to achieve the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing goals set forth in 18 U.S.C. § 3553(a). Specifically, he contends that the sentence fails to take into account his personal characteristics and circumstances.

Martinez does not dispute that the sentence was imposed within a properly calculated guidelines range. Thus, a presumption of reasonableness applies to this guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The substantive reasonableness of a sentence is reviewed under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Martinez's argument that the district court did not consider his personal circumstances and characteristics is not supported by the record. The district court specifically referenced Martinez's young age, as well as Martinez's substance abuse problem and lack of education.[1] The record indicates, however, that the district court was particularly disturbed by Martinez's lengthy criminal history at the age of 21. In imposing the 87-month sentence, the district court specifically referenced the factors of deterrence, the need to protect the public from further crimes of the defendant, and the need to provide Martinez with adequate substance abuse treatment. *See* 18 U.S.C. § 3553(a). Martinez has failed to rebut the presumption of reasonableness that is accorded his within-guidelines sentence. *See United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). To the extent that Martinez disagrees with the sentence imposed or the district court's evaluation of various sentencing factors, he likewise has failed to rebut the presumption of reasonableness. *See*

---

[1] The district court also recognized that Martinez had not received treatment for his substance abuse problem and recommended drug treatment during his incarceration at the Bureau of Prisons. The sentencing hearing does not indicate that the district court imposed or lengthened the sentence in order to enable Martinez to complete drug treatment. *See Tapia v. United States*, —— U.S. ——, 131 S. Ct. 2382, 2393 (2011) (holding that a sentencing court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation").

13-50826

*United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Accordingly, the judgment of the district court is affirmed. *See Gall*, 552 U.S. at 51.

    AFFIRMED.